CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

JAN 29 2010

JOHN F. CORCORAN, CLERK
BY:
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
CHARLOTTESVILLE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | Criminal Case No. 3:08cr00005 |
| | ) | |
| v. | ) | <u>2255 MEMORANDUM OPINION</u> |
| | ) | |
| REYNOLD GEORGE SAMUELS | ) | By: Norman K. Moon |
| | ) | United States District Judge |

Petitioner, Reynold George Samuels, filed this 28 U.S.C. § 2255 motion challenging his convictions and sentence for conspiring to distribute marijuana and copyright infringement. Samuels alleges that his sentence exceeds the statutory maximum and that counsel provided ineffective assistance on several grounds, including in failing to file an appeal upon Samuels' request. This matter is before the court on the government's motion to dismiss. On the existing record, the court is unable to resolve Samuels' claim that counsel was ineffective in failing to file an appeal upon request and, therefore, refers the matter for an evidentiary hearing on the issue.

I.

On February 13, 2008, a grand jury in the Western District of Virginia issued an indictment charging Samuels and others with a variety of criminal offenses. Pursuant to a written plea agreement, Samuels pled guilty to conspiring to distribute or possess with intent to distribute Schedule I and II controlled substances, in violation of 21 U.S.C. § 846; and infringing upon a copyright by reproducing and distributing ten or more copies of one or more copyrighted works, in violation of 17 U.S.C. § 506(a)(1) and 18 U.S.C. § 2319. On January 16, 2009, the court sentenced Samuels to a total of 292 months incarceration. Samuels did not appeal.

II.

One of Samuels' claims in his § 2255 motion is that counsel was ineffective when he failed to file an appeal upon Samuels' request. "An attorney who fails to file an appeal after being instructed

by his client to do so is per se ineffective." United States v. Witherspoon, 231 F.3d 923, 926-27 (4th Cir. 2000) (citing Roe v. Flores-Ortega, 528 U.S. 470 (2000)). The aggrieved inmate need only show "that . . . counsel was ineffective and . . . but for counsel's ineffectiveness, an appeal would have been filed." Id. The inmate need not show a reasonable probability of success on appeal. See id. Thus, if Samuels' allegation that he instructed his attorney to appeal is accurate, then he has stated a claim for relief. In light of Samuels' allegation and his trial counsel's conflicting affidavit, the court refers the matter for an evidentiary hearing on the issue of whether Samuels asked his trial counsel to file a direct appeal.

### III.

With regard to Samuels' other claims, the United States Court of Appeals for the Fourth Circuit, in United States v. Killian, 22 Fed. Appx. 300 (4th Cir. 2001), instructed that when a district court grants a § 2255 motion due to counsel's failure to file a direct appeal despite petitioner's request, the court may not consider the merits of any of the remaining claims in the § 2255 motion, but must instead dismiss those claims without prejudice. Since the outcome of the evidentiary hearing may affect the issues raised in Samuels' other claims, the court will not address the government's argument in its motion to dismiss regarding Samuels' other claims at this time.

### IV.

For the reasons stated herein, the court the court refers the matter to United States Magistrate Judge Michael F. Urbanski for an evidentiary hearing on the issue of whether Samuels asked his trial counsel to file a direct appeal.

ENTER: This 27th day of January, 2010.

NORMAN K. MOON
UNITED STATES DISTRICT JUDGE