# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF VIRGINIA

| | |
|---|---|
| UNITED STATES OF AMERICA | CASE NO. 3:08-cr-00005 |
| v. | MEMORANDUM OPINION & ORDER |
| REYNOLD GEORGE SAMUELS, JR., | JUDGE NORMAN K. MOON |
| *Defendant.* | |

Defendant Reynold George Samuels moves the Court to reduce his sentence pursuant to the First Step Act of 2018. Dkt. 333, 336. Specifically, Defendant asks for a reduction of his 235-month sentence to time served. *Id*. Although the parties agree that the Defendant committed a "covered offense," entitling him to a reduction under the First Step Act, the Government contends that the § 3553 sentencing factors do not warrant a reduced sentence. The Court will grant Defendant's motions in part, reducing his sentence from 235 months to 210 months. The Court will deny Defendant's motions insofar as they seek a sentence reduction to time served.

Background

In 2008, Defendant entered into a written plea agreement with the United States. He pleaded guilty to the following two charges: (1) conspiracy to possess with intent to distribute and distributing a mixture or substance containing more than 50 grams of cocaine base, 500 grams or more of a mixture containing detectable amounts of cocaine hydrochloride, and 100 kilograms or

more of marijuana, in violation of 21 U.S.C. §§ 846 and 841(b)(1)(A), and (2) criminal copyright infringement in violation of 17 U.S.C. § 506(a)(1) and 18 U.S.C. § 2319. Dkts. 203, 204.

At that time, a violation of § 841(b)(1)(A) carried a mandatory minimum sentence of 10 years and maximum sentence of life imprisonment for an offense involving over 50 grams of cocaine base. 21 U.S.C. § 841(b)(1)(A) (2008). As part of the defendant's plea agreement, the Government agreed to dismiss five additional counts. Dkt. 204.[1] In addition, the plea agreement included three specific stipulations related to the sentencing guidelines: (1) Defendant would have a base offense level of 34, (2) Defendant would receive a 4-point enhancement for an aggravating role, and (3) Defendant would receive no sentencing enhancement for either the use or possession of a firearm or the use or distribution of cocaine base/cocaine hydrochloride. *Id.* at 3. After applying a three-level reduction for acceptance of responsibility, the Presentence Investigation Report ("PSR") determined that Defendant had a total offense level of 35 with a criminal history category of VI. Dkt. 335 at 8, 12, 15.

The Court adopted the PSR and, in January 2009, sentenced Defendant to 292 months incarceration for the conspiracy charge and 60 months for criminal copyright infringement (to run concurrently). Dkts. 245, 248, 261. In 2014, the Court—pursuant to retroactive guideline Amendment 782—reduced Defendant's sentence to 235 months incarceration based on an amended offense level of 33 and criminal history category of VI. Dkt. 327. At this point, Defendant has served approximately 180 months of his 235-month sentence, or 77% of his sentence. He is set to be released on October 17, 2024.

---

[1] Count One, operation of a continuing criminal enterprise, a violation of 21 U.S.C. § 848(a) and (b); Counts Four and Thirteen, being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1); and Counts Seven and Eight, distribution of marijuana, in violation of 21 U.S.C. § 841(a)(1). Dkt. 204 at 2.

First Step Act Legal Framework

Section 404(b) of the First Step Act, the provision under which Defendant seeks relief, states that:

> Defendants Previously Sentenced.—A court that imposed a sentence for a covered offense may, on motion of the defendant, the Director of the Bureau of Prisons, the attorney for the Government, or the court, impose a reduced sentence as if sections 2 and 3 of the Fair Sentencing Act of 2010 (Public Law 111-220; 124 Stat. 2372) were in effect at the time the covered offense was committed.

Pub. L. No. 115-391, § 404, 132 Stat. 5194, 5222 (2019). The First Step Act defines a "covered offense" as "a violation of a Federal criminal statute, the statutory penalties for which were modified by [S]ection 2 or 3 of the Fair Sentencing Act of 2010, that was committed before August 3, 2010." *Id.* § 404(a), 132 Stat. at 5222. A later provision, Section 404(c), further states that "[n]othing in this section shall be construed to require a court to reduce any sentence pursuant to this section." *Id.* § 404(c), 132 Stat. at 5222. A district court's decision whether to afford relief to an eligible defendant under the First Step Act is a discretionary one. *United States v. Wirsing*, 943 F.3d 175, 180 (4th Cir. 2019).

Modifications of sentences pursuant to the First Step Act are governed by 18 U.S.C. § 3582(c)(1)(B), which states that "[t]he court may modify an imposed term of imprisonment to the extent otherwise expressly permitted by statute or by Rule 35 of the Federal Rules of Criminal Procedure." *See also Wirsing*, 943 F.3d at 183 ("We hold that § 3582(c)(1)(B) is the appropriate vehicle for a First Step Act motion."). In determining if modification is appropriate, the Court will first address whether a reduction is consistent with the First Step Act and will then, if necessary, "consider whether the authorized reduction is warranted, either in whole or in part, according to the facts set forth in § 3553(a)." *Dillon v. United States*, 560 U.S. 817, 826 (2010).

## Covered Offense

The parties agree, and the Court finds, that Defendant is incarcerated for a "covered offense" under Section 404(a) of the First Step Act. *See* Dkts. 336 at 3; 340 at 8; 343 at 1. In *United States v. Gravatt*, 953 F.3d 238, 263–64 (4th Cir. 2020), the Fourth Circuit held that multi-object conspiracies fall within the definition of a "covered offense" where the penalties for one object (possession of crack cocaine) were modified by the Fair Sentencing Act, while the penalties for another object (powder cocaine) were not reduced.

Defendant's multi-object conspiracy conviction involved possession with intent to distribute 50 grams or more of cocaine base, pursuant to § 841(b)(1)(A). And because the Fair Sentencing Act increased the quantity of crack cocaine required to trigger the 10-year-to-life mandatory minimum penalty under § 841(b)(1), from 50g to 280g, Defendant's conviction includes a sentence for a "covered offense."

## 3553(a) Factors

Finding that the First Step Act applies in this case, the Court next "consider[s] whether the authorized reduction is warranted, either in whole or in part, according to the factors set forth in § 3553(a)." *Dillon*, 560 U.S. at 826.

After consideration of the § 3553(a) factors, the Court finds that a sentence reduction of 25 months is appropriate. The Court rejects Defendant's request for time served because of the nature and circumstances of his offense.

Defendant was responsible for running a continuing criminal enterprise over a six-year period. Dkt. 335 ¶ 11. Members of his organization traveled across state lines to transport crack cocaine and marijuana—distributing the drugs throughout the Western District. *Id.* Throughout the

conspiracy, Defendant was known to possess firearms and launder money through a local business. *Id.* ¶ 12. In total, Defendant trafficked at least 3,000 kilograms of marijuana from New York into Virginia. *Id.* at 7.

While the nature and circumstances of the offense do not support a reduced sentence, the other sentencing factors weigh in favor of a reduction. Defendant has demonstrated promising rehabilitation during his current incarceration. He has had only one disciplinary infraction during his incarceration, and it was for wearing a fleece that another inmate had left behind. Dkt. 336-1. He has completed more than 4,000 hours within the prison kitchens to receive his SERVSAFE certification. Dkt. 336 at 3. Indeed, his positive record allowed him to be transferred to a prison camp, where he plans to participate in a college program. *Id.* Defendant has not been able to begin this program due to the COVID-19 pandemic, and he remains stuck at the Oklahoma Federal Transfer Center. *Id.* Moreover, Defendant submitted a number of letters that show he has maintained positive contacts with community members—even while incarcerated. *Id.* at 4; *see* Dkt. 336-2.

Also persuasive to the Court is the fact that, Defendant's criminal history category would be different today. At the time of sentencing, Defendant had an offense level of 35 and a criminal history category of VI—equating to a guideline range of 292 to 365 months. Dkt. 335 ¶ 46. He was sentenced to the lowest end of the range, 292 months. Later, The Court reduced Defendant's sentence to 235 months pursuant to Amendment 782, which lowered his total offense level to 33. However, because the Sentencing Commission abolished the "recency point" in former § 4A1.1(e) since Defendant's sentencing, Defendant's criminal history category would be V rather than VI today. This would equate to a guideline range of 210 to 262 months. While 235 months would be within the guideline range today, it would be the mid-point of the range, not the low end.

Given the sentencing factors, in particular the history and characteristics of the Defendant and the need for the sentence imposed to promote respect for the law and to provide just punishment for the offense, the Court finds that 25-month variance on his current 235-month sentence is warranted.[2]

Conclusion

For the foregoing reasons, the Court will grant Defendant's motions to reduce sentence pursuant to the First Step Act, Dkts. 333, 336. The Court finds that Defendant has committed a "covered offense" under the terms of the Act, and the Court will grant him a reduction in his term of incarceration to 210 months. The Court finds that a sentence of 210 months is sufficient—but not greater than necessary—and accounts for the sentencing factors the Court must consider pursuant to 18 U.S.C. § 3553(a), specifically deterrence, protection of the public, and respect for the law.

For the reasons discussed, it is hereby **ORDERED** that Defendant Reynold George Samuels's motions for reduction of sentence pursuant to the First Step Act, Dkts, 333, 336, are **GRANTED** in part. Defendant's term of imprisonment is **REDUCED** to 210 months. The motions, Dkts, 333, 336, are **DENIED** in part, insofar as they seek a sentence reduction to time served. All other terms of Defendant's original sentence remain the same.

---

[2] Defendant also argues that his medical conditions (obesity, hypertension, and hyperlipidemia) warrant a reduction of his sentence to time served. Dkt. 343 at 3–7. However, Defendant's medical circumstances are insufficient to overcome the nature and circumstances of his offense with such force to necessitate an additional reduction of 30 months. Moreover, there is no evidence showing that Defendant is not receiving adequate medical care for his ailments. In fact, his medical records show that he medical staff at the prison are monitoring his conditions and treating his conditions with medication. Dkt. 339 1–2.

The Clerk of Court is directed to send copies of this Memorandum Opinion and Order to Defendant, all counsel of record, and the United States Probation Office, the United States Marshals Service, for delivery to the Bureau of Prisons.

The Clerk is directed to send a certified copy of this Order to the parties.

Entered this 23rd day of April 2021.

NORMAN K. MOON
SENIOR UNITED STATES DISTRICT JUDGE